UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-238-F-5

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL BRADLEY GLOVER, )<br>Defendant. ) | O R D E R |

This matter is before the court upon the Government's appeal of the Magistrate Judge's order allowing the defendant's motion for pretrial release. Although neither the defendant nor the Government seeks to introduce additional evidence, the Government has filed memoranda asserting the basis for the appeal of the Magistrate Judge's order allowing the defendant's release, and the Defendant has filed memoranda in objection thereof.

On July 16, 2010, the defendant was charged in Counts One and Three of a fourteen count indictment. Count One charges Glover with conspiracy to knowingly and intentionally manufacture, distribute and dispense and possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine. Count Three charges Glover with knowingly, intentionally and unlawfully possessing a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine. [DE-1].

Where the offense charged is one for which a maximum term of imprisonment of ten years or more is prescribed in specified federal drug trafficking or gun use statutes, it is presumed, subject to rebuttal, that no condition or combination of conditions reasonably will assure the safety of the community, and that the defendant must be detained pending trial. In order to rebut the presumption, the defendant must produce "some evidence" to the contrary. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds, United*

States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Counts One and Three of the Indictment in which the defendant is charged each carry a maximum penalty greater than ten years, thereby invoking the statute creating the statutory rebuttable presumption of detention. Furthermore, the defendant has not refuted that the presumption applies, and the Indictment itself is sufficient to support a finding of probable cause triggering the § 3142(e) rebuttable presumption. *See, e.g., United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991).

The court has listened to the digital recording of the detention hearing conducted by Magistrate Judge William Webb on July 30, 2010 and concluded on August 3, 2010. Based on the court's independent review of the record herein and of the contemporaneous recording of the detention hearing, the court finds that the defendant presented sufficient evidence to rebut the presumption, referenced above and set forth in 18 U.S.C. § 3142(e), that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the . . . safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

The Government did not challenge the defendant's assertions that his wife is a suitable third party custodian, nor presented any evidence that the Defendant has not complied with all the terms of his state court probation since his release from state prison in September 2009. Furthermore, the instant charges do not arise from new criminal conduct, rather the testimony provided at the hearing, and the language of the Indictment both indicate that the Defendant now is being charged in federal court for the same conduct for which he already has plead guilty and served time in state court. Therefore, this court agrees with the Magistrate Judge that the Defendant successfully rebutted the presumption of detention, leaving the Government with the burden to prove that no condition or combinations of conditions will

2

reasonably assure the appearance of the person as required and the safety of any other person or the community.

According to the statute, in determining whether there are conditions of release that will reasonably insure the appearance of the Defendant and the safety of other persons and the community, the Court must consider all the evidence regarding:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including -
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed upon the person's release. . . .

18 U.S.C. § 3142(g).

Here, the nature and circumstances of the offense charged involve a narcotic drug, methamphetamine, the contents of which are particularly hazardous to persons and property as testified to at the hearing. Specifically, anhydrous ammonia, used to "cook" methamphetamine, is toxic to humans if ingested, and potentially explosive if stored incorrectly according to the testimony of Agent Michael Hall, a DEA Task Force Officer with the Raleigh Special Bureau of Investigations.

3

Second, the weight of the evidence against Glover is substantial in that he already has served time for possessing methamphetamine in the past, and indeed, was released only in September 2009, after pleading guilty and serving ten months on related state charges.

Third, the Defendant's history is a checkered past of felony breaking and entering convictions, narcotic related offenses, probation violations and a drug addiction. Although he did present evidence of strong family ties at both segments of his detention hearing, he has a substantial criminal history of involvement with drugs even in the face of those familial relationships. Specifically, his wife testified at the detention hearing that Glover had a substance abuse problem in 2007 and 2008 which led to their separation and his ultimate arrest on state charges for possession. Furthermore, although it appears the Defendant has complied with the terms of his probation since his release from state prison in September of 2009, he nevertheless was on probation at the time of the instant arrest. The court notes, however, that the testifying officer stated that Glover was peaceable during his arrest and went willingly.

Finally, the danger posed to the community by this defendant by virtue of the particularly hazardous nature of methamphetamine is quite high. Agent Hall testified that Bradley Calcoat, along with others mentioned during the officer's testimony, provided information that the Defendant was responsible for stealing and transporting the highly toxic anhydrous ammonia needed for cooking methamphetamine. Although the court notes that the evidence indicates that this behavior occurred prior to the Defendant's 2008-2009 incarceration in state prison, and that it appears that the instant charges arise from that past activity as well, the activity is of a particular danger to persons and the community, especially Glover's two small children who would reside in the home with him and his wife, the proposed third-party custodian.

For these reasons, this court is persuaded that, although the Defendant met the rebuttable presumption of detention for drug related offenses, there is no condition or

4

combination of conditions under which the Defendant would not pose a danger to his community if allowed to remain on pretrial release pending his arraignment and trial in federal court. Accordingly, it is ORDERED that the defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further ORDERED that the defendant shall be afforded reasonable opportunity for private consultation with his attorney, and that, on order of the court or on request of an attorney of the Government, the superintendent of the corrections facility in which the defendant is held pending trial shall deliver him for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

This 16th day of August, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge